# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

JEROME W. BLACK, JR.,    )
    )
    Petitioner,    )
    )
v.    )    CV420-177
    )    CV421-288
SHAY HATCHER,    )
    )
    Respondent.    )

## REPORT AND RECOMMENDATION

*Pro se* petitioner Jerome W. Black, Jr. filed a petition pursuant to 28 U.S.C. § 2254 on July 14, 2020,[1] in the United States District Court for the Middle District of Georgia. *See generally* doc. 1.[2] The Middle District transferred Black's petition to this Court. *See* doc. 4. This Court

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). "Absent evidence to the contrary in the form of prison logs or other records, [courts] will assume that [a prisoner's filing] was delivered to prison authorities the day he signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Black's petition declares, under penalty of perjury that his petition "was placed in the prison mailing system on 07-14-2020." Doc. 1 at 16.

[2] The Court cites to the docket in *Black v. Hatcher*, CV420-177. When Black submitted his Amended Petition, the Clerk of Court mistakenly docketed that pleading as initiating a separate civil action. *See Black v. Hatcher*, CV421-288, doc. 1 (S.D. Ga. Oct. 6, 2021).

directed him to file an amended petition clarifying his allegations as to the timing of his state court proceedings so that it could determine whether his petition is timely. *See* doc. 13 at 2-4. He complied with that direction. *See generally* doc. 15. As discussed below, since it appears from the face of his Amended Petition that his original Petition was untimely, his Petition should be **DISMISSED**. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .")

Federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. §2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral

proceeding in play.").  Hence, sitting on any claim and creating time gaps between proceedings can be fatal.  *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1.  Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action.  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at * 1.

Black's Amended Petition clarifies that he was convicted on October 4, 2017.  *See* doc. 15 at 1.  It also clarifies that he did not appeal that conviction.  *Id.* at 2.  Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review."  *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  For § 2254 petitioners who do not seek direct review of their conviction, *i.e.* those who do not file an appeal, "the judgment becomes final at the expiration of the time for seeking such review—when the time for pursuing direct review in [the Supreme Court], or in state court,

expires." *Id.*   A judgment of conviction becomes final, if no appeal is taken, upon expiration of the thirty-day period provided by O.C.G.A. § 5-6-38(a).  *See, e.g., Graham v. Ward*, 2022 WL 324099, at * 2 (S.D. Ga. Jan. 7, 2022) (citing O.C.G.A. § 5-6-38(a); *Stubbs v. Hall*, 840 S.E.2d 407, 412 (Ga. 2020)).   Black's conviction became final, therefore, on or about November 3, 2017.

Black alleges that he filed a petition for habeas corpus in the Superior Court of Muscogee County, Georgia on April 19, 2018.  *See* doc. 15 at 3.   By the time he filed his state habeas petition, therefore, approximately 167 days had expired from § 2244's one-year clock, leaving approximately 198 days.  The Georgia Supreme Court's docket indicates that his state habeas concluded, with a denial of a Certificate of Probable Cause, on November 18, 2019.  *See* Ex. A; *Black v. Hatcher*, S19H1177 (Ga. Nov. 18, 2019), *available at* https://scweb.gasupreme.org:8088/results_one_record.php?caseNumber =S19H1177 (last visited Feb. 14, 2022).[3]  He did not file his petition in

_____

[3]  The Court takes judicial notice of the public docket information on the Georgia Supreme Court's website.  *See Paez v. Sec'y, Fla. Dept. of Corrs.*, 947 F.3d 649, 651-52 (11th Cir. 2020) ("The dates the District Court noticed from the online state court dockets constitute judicially noticeable facts . . .").  The *Paez* court stated that "the best practice [where a court takes judicial notice] would be to include copies of any

the Middle District until July 14, 2020, approximately 239 days later. His petition was, therefore, more than a month out-of-time.

Black's untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Black explains that his petition was untimely because he "had [a] nervous breakdown right after being sentenced [and] was losing [his] mind." Doc. 15 at 13. He further alleges that he "was receiving psychiatric treatment and was on psychotropic medication particularly prozak [sic], and became halucinatory [sic] because I had lost my wife, my children, my job." *Id.* He finally alleges that he stopped taking "psychotropic medication . . . on

---

judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them." *Id.* at 653 (citation omitted). Following the Court of Appeals' admonition, the Court has attached a copy of the Georgia Supreme Court's docket to this Report and Recommendation as Exhibit A.

or about 8 month 2021." *Id.* None of those allegations are sufficient to establish Black's entitlement to equitably toll the statute of limitations.

In the absence of an allegation of incompetence, the assertion that a petitioner suffers from mental illness, "without more, is insufficient to justify equitable tolling." *Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005) (collecting cases). As the Court of Appeals has explained, "mental illness, along with all that [is] associated with it[, including] medication, [and] paranoia" do not necessarily prevent a petitioner from filing. *Lambert v. Sec'y, Dept. of Corrs.*, 2019 WL 8750134, at *1 (11th Cir. Dec. 5, 2019); *see also Alexander v. Hall*, 2017 WL 890105, at *3 (S.D. Ga. Mar. 6, 2017) (Baker, M.J.), *adopted* 2017 WL 2312836 (S.D. Ga. May 26, 2017); *Rambo v. Kemp*, 2011 WL 642690, at *1 (S.D. Ga. Feb. 11, 2011) ("Petitioner's assertion of mental illness is insufficient under Eleventh Circuit law to qualify for equitable tolling."). *Cf. Brown v. John Deere Product, Inc.*, 460 F. App'x 908, 910 (11th Cir. 2012) (recognizing, in the context of an employment discrimination action, "*extreme* mental illness *that deprives a person of the ability to timely file*," may warrant equitable tolling (emphasis added)); *Allen v. Tatum*, 2014 WL 4660837, at *2 (S.D. Ga. Sept. 4, 2014) (discussing assertions of mental illness as

a basis for equitable tolling).  Moreover, Black has failed to establish any connection between his alleged mental illness and his failure to timely file, particularly in light of his express allegations that he pursued his state habeas case *pro se* during that period.  *See Lambert*, 2019 WL 8750134, at *1 (noting *pro se* petitioner's "abundant and coherent state filings in the years leading up to his [federal] petition.").  Black has not alleged any sufficient basis to equitably toll the statute of limitations.

Since Black's § 2254 petition was untimely filed, it should be **DISMISSED**.[4]  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

[4] The Clerk is **DIRECTED** to docket this Report and Recommendation in both CV420-177 and CV421-288.  Any objection that Black submits should also be docketed in both cases.

7

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith.  Thus, *in forma pauperis* status on appeal should

likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

　　**SO ORDERED**, this 15th day of February, 2022.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia

# EXHIBIT A

**Docket Search Results**

| | |
|---|---|
| **Case Number:** | S19H1177 |
| **Status:** | Remittitur |
| **Style:** | Black v. Hatcher, Warden |
| **Description:** | Civil - Habeas Corpus Application |
| **Docket Date:** | April 11, 2019 |
| **Calendar:** | September 2019 |
| **Oral Argument Date:** | **This date is not official until the Court Calendar is transmitted to the parties. |
| **County Location:** | Muscogee |
| **Lower Court Numbers:** | SU18CV981-08 |

**Proceedings**

| Date | Filings & Motions | Date | Orders |
|---|---|---|---|
| April 11, 2019 | HABEAS CORPUS - Certificate of Probable Cause to Appeal | | |
| June 19, 2019 | Writ of Mandamus | | |
| July 19, 2019 | Affidavit(s) | | |
| July 26, 2019 | Exhibits | | |

**Disposition**

Disposition Date: November 18, 2019 - **Application denied - All the Justices concur.**

**Attorneys**

| Name | Type | Address | Phone |
|---|---|---|---|
| Jerome W. Black | Appellant | GDC# 303093 Rutledge State Prison 7175 Manor Road Columbus, Georgia 31907 | |
| Paula Khristian Smith | Appellee | DEPARTMENT OF LAW 40 Capitol Square, S.W. Atlanta, Georgia 30334 | (404) 656-3351 |
| Patricia B. Attaway Burton | Appellee | DEPARTMENT OF LAW 40 Capitol Square, S.W. Atlanta, Georgia 30334 | (404) 656-3499 |
| Christopher M. Carr | Appellee | DEPARTMENT OF LAW 40 Capitol Square, S.W. Atlanta, Georgia 30334 | |