IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEROME W. BLACK, JR., | |
| Petitioner, | CIVIL ACTION NO.: 4:20-cv-177 |
| v. | |
| SHAY HATCHER, | |
| Respondent. | |

**O R D E R**

*Pro se* petitioner Jerome W. Black, Jr. brought the instant 28 U.S.C. § 2254 petition alleging that he received ineffective assistance of counsel when he pleaded guilty to several drug offenses in 2017. (See generally doc. 15; see also doc. 1.) The Magistrate Judge recommended that his petition be dismissed as untimely. (Doc. 16.) In reaching his conclusion, the Magistrate Judge expressly considered whether Black's petition included any grounds that might entitle him to equitably toll the applicable statute of limitations. (Id. at 5-7.) The Magistrate Judge concluded that it did not. (Id. at 7.) Black has timely objected to the Magistrate Judge's Report and Recommendation. (Doc. 19; see also doc. 18 (granting extension of time to file objections)). Black does not object to the Magistrate Judge's conclusion that his petition was untimely, but only that he is entitled to equitable tolling of the limitations period due to mental illness. (See doc. 19 at 1.)

Under Holland v. Florida, 560 U.S. 631 (2010), a petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649. Black's objection

contends, albeit in a substantially conclusory way, that he has been diligent. (Doc. 19 at 1.) The Court need not reach whether that contention is supported because Black's allegations of mental illness do not rise to the level of an "extraordinary circumstance" that would warrant equitable tolling. First, the Court notes that Black's reference to the fact that he received "erratic" assistance in preparing his pleadings is unavailing. See, e.g., Lewis v. Howerton, 2012 WL 4514044, at * 19 (N.D. Ga. Sept. 30, 2012) (holding that "the need to rely on other prisoners is not sufficient to obtain equitable tolling," and collecting cases). Second, Black has failed to articulate any causal connection between his alleged mental illness and his untimely filing. (See doc. 15 at 13 (alleging that he had a "nervous breakdown," and "became hallucinatory" after his sentencing); see generally doc. 19 (referring to his "hallucinatory" and paranoid condition, but omitting any account of how those conditions prevented him from filing). That failure is fatal to any argument for equitable tolling.[1] See, e.g., Rambo v. Kemp, 2011 WL 642690, at *1 (S.D. Ga. Feb. 11, 2011) ("Mental incapacity does not warrant equitable tolling unless a petitioner 'can establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." (quoting Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005)).

After a careful *de novo* review of the entire record in this case, the Court concurs with the Magistrate Judge's February 15, 2022 Report and Recommendation. (Doc. 16.) Black's objections are **OVERRULED**. (Doc. 19.) Accordingly, the Court **ADOPTS** the Report and

---

[1] Although the Court is convinced that Black has not established his entitlement to equitable tolling, the Court notes that the history of the state habeas proceedings casts significant doubt on whether Black could make such a showing. (Cf. doc. 16 at 7.) Black alleges that he filed a state habeas petition in 2018. (Doc. 15 at 3.) He alleges that he was not represented by counsel in pursuing that petition. (Id. at 13.) Despite proceeding pro se, and subject to the limitations of his alleged mental illness, he nevertheless had an evidentiary hearing on that petition and appealed its denial to the Georgia Supreme Court. (Id. at 3-4.) It is not at all clear that a mental impairment that permitted him to pursue that proceeding could have prevented him from timely filing the instant petition. Regardless, since Black has not articulated any causal connection, the Court need not try to discern how the two seemingly contradictory allegations could be reconciled.

Recommendation, (doc. 16), as the opinion of the Court and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus, (doc. 1).   All pending motions are **DISMISSED** as moot.   Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).   And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.   Thus, *in forma pauperis* status on appeal is likewise **DENIED**.   28 U.S.C. § 1915(a)(3).   The Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

    **SO ORDERED**, this 21st day of March, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA